Caldwell, Ch.
delivered the opinion of the Court.
The first, second and third grounds of appeal, relate to the competency and sufficiency of the evidence to establish the account of D. L. & J. Thomson, for goods sold and delivered to Mary Porter, of whom the defendant is the administrator de bonis non.
The Act of 1721 recognizes that it had been before allowed for law in the Province, “that books of account shall be allowed for evidence, the plaintiff swearing to the same, by reason that the merchants and shop keepers in South Carolina have not the same opportunity of getting apprentices and servants to deliver out their goods and keep their books of account, as merchants and shopkeepers have in South Britain,” &e.
The necessity and convenience of such a rule, and its early adoption in the practice of the Courts of this country, in addition to its distinct recognition, are, perhaps, sufficient to raise the presumption, that there had been a previous Act authorizing the admissibility of such evidence, and modifying, in some material parts, the Statute of 7 James I, chap. 12. It is now immaterial from what source the rule originated, as if is permanently established and its construction well settled. . When the merchant or shopkeeper relies upon his books as evidence of his sale and delivery of goods, he must produce his original entries, which must be such as are usually made in the course of business and trade, and he is competent to prove his own entries and the delivery of the goods; the rule was adopted for that class.of cases, but does not apply to the case where the goods are taken up on an order, or where, they are entered in a pass-book, and in either case delivered to a third person and not to the purchaser; there the plaintiff must furnish other proof of the sale and delivery of the goods than his original entries, which cannot supply the production of the order, or the pass-book, which would be the best evidence to establish the contract. If these be lost or destroyed, then the common law rule of proving their existence, contents and loss must, if requited, be enforced. So in the case of a merchant or shopkeeper making the entries hitnself from the statement of his clerk, the latter must prove the delivery of the goods, and the former is incompetent to establish it.
While the law grants this extraordinary privilege to the plaintiff to prove his account where he makes the sale, entry and delivery of the goods, it has, with great propriety, not *65 prohibited or restricted the defendant from ascertaining by a cross examination, the circumstances under which the entries are made. This is frequently the only shield against a false or fraudulent account. When it appears on the plaintiff’s cross examination that he did not deliver'the goods to the defendant, or delivered them to a third person, although he made the original entries, the books of account must be excluded, as they are neither within the letter or spirit of the Act— they are not the best evidence of which the case admits, and the withholding of the other higher and better proof raises a presumption against the justice of the claim.
3 Rich. Rett? 353.
The case of Clough v. Little is an illustration of these views. The plaintiff brought suit for cotton bagging sold and delivered to defendant, and produced his books of original entries, and testified to them as made by himself; he was then asked by defendant’s counsel if he had sold and delivered the bagging himself personally to the defendant. The question was objected to, on the ground that the plaintiff’s examination should be confined to the proof of the entry. Justice Gantt held that the question was admissible, and the plaintiff answered that his clerk reported to him the terms agreed upon between him and Little respecting the sale of the cotton bagging, and upon that report, the plaintiff made the entry and delivered the bagging to a drayman, who told him the defendant had sent for it. A nonsuit was ordered, and the Court of Appeals, in refusing the motion to set it aside, say — that as book entries made by merchants and shop keepers in the regular course of their business, are admitted in evidence from convenience and necessity, the best security which the rule furnishes is, that they must be supported by their oaths, and that were useless, unless the defendant could cross-examine them, for that is the only means of purging their consciences. By this rule, the merchant is allowed to be a witness for himself, and there is no case in which, according to the rules of the Common Law, an exparte examination where the witness is present, and in the power of the Court, has been admitted or allowed as evidence.
The plaintiff, in the case under consideration, on his cross examination, failed to prove a delivery of the goods to the intestate, and his testimony, as neither her orders or passbook was produced, or any proof made in relation to them, was as insufficient as it was incompetent to establish his account. But the entries made in the books by his deceased partner stand upon a different footing ; the proof of their being in the handwriting of one who is dead, and of their being made in the regular and usual course of business, is sufficient to raise the presumption that the goods were sold and delivered to the intestate, and must prevail pro tanto., unless it be rebutted by proof on the part of the defendant. *66 As the evidence was insufficient to sustain the verdict as to that part of the plaintiff’s claim for the goods he entered in the books of account, the Circuit Chancellor was right in referring that part of the case to the Commissioner.
The question of set off-was not finally, adjudged by the Chancellor on the circuit. As the continuance of the injunction cannot have that effect while the accounts of the parties are under reference, it would, therefore, be premature to entertain that question’here, as it can only be brought up in the regular way, by exceptions to the report of the Commissioner, which must first be heard on the circuit before they can come here.
It is, therefore, ordered and decreed that the appeal be dismissed, and that the circuit decree be affirmed.
Dunkin' & Dargan, CC, concurred.
Johnston, Ch. absent at the hearing.

Appeal dismissed.